**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4591

RANDY GENE RIGGS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-99-14)

Submitted: April 20, 2000

Decided: May 12, 2000

Before MURNAGHAN, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Stone, Jr., Martinsburg, West Virginia, for Appellant. Mel-
vin W. Kahle, Jr., United States Attorney, Thomas O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Gene Riggs appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1999). Finding no reversible error, we affirm.

Riggs raises only one issue on appeal, claiming that the district court erred in enhancing his sentence for relevant conduct pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(1)(A), 2K2.1(b)(4) (1998). We review factual findings made by the district court for clear error, while legal interpretations of the Guidelines are reviewed de novo. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

In early 1998, West Virginia State Police Troopers Burnett and Kearns were investigating a burglary that occurred in Berkeley County, West Virginia. Several individuals involved in the crime confessed and indicated that two of the stolen firearms had been sold or given to Riggs. Based upon these confessions, the officers obtained a search warrant for Riggs' residence. During their search, the officers recovered a rifle and a .410 shotgun. The officers were unable to locate the stolen pistols identified in the search warrant.

The officers questioned Riggs about the unrecovered pistols and informed Riggs that "if he were willing to tell[them] where those weapons were, [Riggs] would not be charged with transferring or receiving stolen property." Riggs promptly led the officers to a small shed and indicated that the firearms were under a wood pile.

Riggs was placed under arrest on a state charge of being a felon in possession of one of the firearms located in his residence. The officers took Riggs to the state police barracks where he was advised of his rights and made a statement. Riggs was never charged in state court with regard to the two recovered stolen pistols.

Following his federal indictment, Riggs sought to suppress the pistols and the statement he had made. Before the district court could

2

resolve this issue, the parties agreed that Riggs could plead guilty to an information charging him with possession of the two firearms found in his residence rather than the two pistols recovered under the wood pile. In the plea agreement, however, the parties agreed to litigate at sentencing whether the two non-charged pistols could be counted as relevant conduct.

In the presentence report ("PSR"), the probation officer recommended that all four firearms involved in the case be included in determining Riggs' guideline level. Under USSG § 2K2.1(a)(4), Riggs' base offense level for his criminal violation was 20. This offense level was increased by one level for an offense involving three to four firearms pursuant to USSG § 2K2.1(b)(1)(A), and by two levels for an offense involving a stolen firearm pursuant to USSG § 2K2.1(b)(4). Riggs objects to the inclusion of the two pistols, arguing that he took the officers to their location only after he received oral assurances that he would not be charged for them. Riggs contends that he had a contract with the West Virginia State Police not to use those guns pursuant to USSG § 1B1.8, and that the officers were agents of the United States.

We disagree. Application of § 1B1.8 requires that two separate steps be satisfied to form a binding agreement. First, a defendant must agree to cooperate by providing information on the unlawful activities of others to the Government. Second, the Government must agree that self-incriminating evidence will not be used against the defendant. See USSG § 1B1.8. Because we find that the United States was not bound by the state officers' representations, we conclude that USSG § 1B1.8 is inapplicable to this case. See United States v. Hall, 984 F.2d 387, 390 (10th Cir. 1993).

Furthermore, we find that the district court properly considered Riggs' possession of the two pistols as relevant conduct pursuant to USSG § 1B1.3(a)(1)(A) in calculating his sentence. Accordingly, we affirm Riggs' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3